UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CANDACE SMITH, ET AL.                      CIVIL ACTION NO. 11-cv-2068

VERSUS                                      JUDGE WALTER

UNITED STATES OF AMERICA                    MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

The Albert Pike Recreation Area ("APRA") campground is located in Montgomery County, Arkansas, within the Ouachita National Forest. The area experienced a severe flood in the early morning hours of June 11, 2010 when the Little Missouri River, which runs through the APRA, rose from approximately three feet to over 23 feet. The river overran its banks then went into the campground. The Government represents that 20 persons were killed, and others were injured. The Government also represents that it has, as of February 2012, received 23 administrative tort claims on behalf of 41 persons who seek over $450,000,000 in damages pursuant to the Federal Tort Claims Act ("FTCA"). The Government further represents that 19 claimants reside in Texas, 15 in Louisiana, and seven in Arkansas.

Two Louisiana families, the Smiths and the Basingers, were camping in the Loop D campground when the flood hit. Seven members of the group were killed, and others were injured. Candace Smith and Kerri Basinger ("Plaintiffs") filed this FTCA action. Candace

Smith seeks damages for her personal injuries and for the deaths of her husband and two children. Kerri Basinger suffered a similar tragedy. She experienced her own injuries and lost her husband and two children, and seeks related damages. A similar suit, 11-cv-2196, was filed here by Christy Pugh Basinger on behalf of her minor son, KSB, who survived the flood. She seeks damages for injuries KSB suffered, as well as damages related to the death of KSB's father, who died in the flood.

The plaintiffs in the suits allege that the United States is liable because its agencies and employees failed to, among other things, properly determine the flood plain for the area, properly locate and design the campground, repair a broken radio repeater and fallen broadcasting tower in the area, provide a weather radio to campground hosts, and timely evacuate campers. Some of the allegations may differ in the cases, but they are based on the same event and allege substantially similar grounds for liability.

Candace Smith and Kerri Basinger chose to file their complaint in this court based on the provision in 28 U.S.C. § 1402(b) that an FTCA action "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  The Government responded with a **Motion to Transfer Venue (Doc. 6)**, now before the court, that asks the court to transfer this case to the Western District of Arkansas, which includes Montgomery County in its Hot Springs Division. The Government invokes 28 U.S.C. § 1404(a), which allows the court to transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses in the interest of justice."

The parties have done an excellent job of briefing the issues and expressing their competing concerns. For the reasons that follow, particularly due to concerns about consistent and efficient case management, consistent results with respect to liability, and the location of the bulk of witnesses and evidence, it is recommended that the motion be **granted** and this case be transferred to the Western District of Arkansas. The same recommendation will be made in Christy Pugh Basinger v. United States, 11-cv-2196.

**Analysis**

A party who requests a transfer must "clearly demonstrate" that a transfer is for the convenience of parties and witnesses, in the interest of justice. In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Plaintiff's choice of venue should be respected unless the Western District of Arkansas is "clearly more convenient" than this venue. But if the Government demonstrates that the Western District of Arkansas is clearly more convenient, it has shown good cause, and the district court should grant the transfer. Id.

The Fifth Circuit has adopted private and public interest factors that are examined in such contests. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. In re Volkswagen, 545 F.3d at 315. The factors are appropriate for most cases, but they are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id., citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).

The first private interest factor is the relative ease of access to sources of proof. The Government points to the many first responders from Arkansas fire departments, local law enforcement agencies, and wrecker services, many of whom may be witnesses. It has also offered testimony from agency officials that many of the records and documents that will likely be subject to discovery are located in Arkansas offices. Plaintiffs respond that modern copying and information storage technology will make it significantly less burdensome for documents or information in Arkansas to be produced for a case in this court. She adds that her damages witnesses, including physicians, family, and friends, are located in Louisiana, as are the volunteer campground hosts on duty the night of the flood, and other eyewitnesses to the flood.

Subpoenas issued for appearance at trial in this Shreveport court may generally be served within the district, or outside the district if within 100 miles of the place specified for the hearing or trial. Fed. R. Civ. Pro. 45(b)(2). Some of the Arkansas residents who would be witnesses may fall within the range of that subpoena power, which would extend perhaps to Texarkana and Hope but not to Montgomery County, Hot Springs, and other areas around APRA where many witnesses undoubtedly live and work. Practically speaking, many of

those witnesses will be federal agency employees, and they would likely appear voluntarily at trial, though that cannot be guaranteed, especially for those who have since retired or otherwise left federal employment. There are, of course, other local and state officials, as well as private citizens, located in Arkansas who would likely be witnesses and fall outside this court's subpoena power.

Plaintiffs point out that many of the friends, family, and physicians who would testify as to damages would be beyond the subpoena power of the Arkansas court. But it is quite likely that those friendly witnesses would voluntarily travel the approximately 188 miles from Shreveport to Hot Springs (or 70 miles if the case is assigned to the Texarkana Division) to testify on behalf of their friend or relative. Busy physicians, even when they live in the same town as the courthouse, often testify by video deposition. There are certainly several Louisiana witnesses who would be beyond the subpoena power of the Arkansas court, but it appears safe to say that the number of witnesses from Arkansas will be far greater than the number from Louisiana. And if this case is assigned to the Texarkana Division, where there are now pending four similar cases related to the flood, Shreveport will fall within 100 miles of the courthouse. Access to sources of proof and the availability of compulsory process weigh significantly in favor of transfer to Arkansas.

Each Plaintiff testifies that she continues to suffer personal injuries and emotional distress because of the flood. They add that they live on single incomes and have tight budgets, which they say would make travel to Arkansas extremely burdensome. Given the reality of modern litigation, it is unlikely that the Plaintiffs would ever be required to travel

to Arkansas except for an actual trial. Parties to civil cases are rarely required to appear for any conference or hearing in the cases before this court. The court is sympathetic to the Plaintiffs' health, financial, and family concerns, and they have been afforded serious consideration, but the court believes that a change in venue will in reality have little or no effect on their personal lives except at the time of an actual trial.

The Government argues that the "local interest" factor strongly favors transfer to Arkansas where the disaster happened. Plaintiffs respond that many people from Louisiana and Texas visit and camp at the APRA, and Shreveport area residents have an interest in adjudicating disputes regarding harm to local citizens. Plaintiff in the companion case represented that of the 20 victims killed in the flood, nine were from Louisiana and only four from Arkansas. There are also more administrative tort claimants residing in Louisiana (15) as compared to Arkansas (7). There is sufficient local interest in Shreveport that this factor is neutral.

The Government argues that Arkansas' substantive law, as the law of the place where the act or omission occurred, will govern no matter what court ultimately hears the case. 28 U.S.C. § 1346(b); Cleveland ex rel. Cleveland v. U.S., 457 F.3d 397, 403 (5th Cir. 2006). The Arkansas court is likely to be more familiar with the law of its state, but federal courts often have to apply the law of other states, and do so without great difficulty. This factor is not of much significance in the analysis.

The balance of the factors to this point favors transfer to Arkansas, but it is certainly debatable among reasonable persons whether the factors discussed thus far "clearly

demonstrate" that a transfer is in order. What tips the balance to a clear demonstration is that this case, along with its companion case, would in all likelihood, be assigned to Judge Susan O. Hickey, who is currently assigned four similar FTCA actions pending in the Texarkana Division. Judge Hickey is the active district judge in the El Dorado, Texarkana, and Hot Springs Divisions. Court officials in the Western District of Arkansas have indicated that it is likely the Shreveport cases would also be assigned to Judge Hickey if they were transferred.[1]

These cases look as if they will involve a great deal of discovery that will involve a number of federal offices and agencies. It will be much more efficient and will promote concerns of consistency and fairness among the many parties to these cases if all or most of the cases are presided over by a single judge. The discovery made available to a victim in Arkansas should be the same that a victim in Louisiana obtains, but that may not happen if the cases are presided over by different judges who sit in different districts and operate under the precedents of different circuit courts.

It appears that the issue of liability should have the same outcome in every case, but the likelihood of that is diminished if cases are pending in multiple states before different courts. Inconsistent results are still a possibility if the cases are presided over by one judge, but not consolidated, but it is certainly less likely. It is within the discretion of the Arkansas

---

[1] The parties report that another flood-related FTCA case is pending in the Eastern District of Texas. Rachal v. U.S., 11 CV 698. The Government has filed a motion to transfer venue of that case to the Western District of Arkansas, and a decision was pending at the time of this writing.

court to consolidate the cases, at least for purposes of liability, which should alleviate all such concerns.

The situation is like what is often seen in multi-district litigation, where cases from around the country are transferred to a single judge for pretrial proceedings. The same kind of concerns for consistency and efficiency in both pretrial and trial proceedings support transfer in this case, as do the additional concerns discussed above. The undersigned is convinced that it has been clearly demonstrated that a transfer of venue will best serve the convenience of parties and witnesses, in the interest of justice. The best exercise of this court's discretion is to transfer venue of this case and its companion to the Western District of Arkansas.

Accordingly,

**IT IS RECOMMENDED** that the Government's **Motion to Transfer Venue (Doc. 6)** be **granted** and that this case be transferred to the Western District of Arkansas. This court recommends that this case be assigned to Judge Susan O. Hickey, who is already presiding over four cases in the Texarkana Division (12 CV 4020; 12 CV 4030; 12 CV 4034; and 12 CV 4035) that arise from the same Albert Pike Recreation Area flood that gave rise to this and a companion civil action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of August, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE